IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Deon Mazyck,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Director, Al Cannon Detention Center,<br><br>　　　　　　　　　Respondent. | C/A No. 2:23-cv-2466-SAL<br><br>**OPINION AND ORDER** |

　　　　Petitioner Tyrone Deon Mazyck ("Petitioner"), a state pretrial detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. [ECF No. 1.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Mary Gordon Baker (the "Report"), ECF No. 8, recommending that Petitioner's § 2241 petition be summarily dismissed.

## BACKGROUND

　　　　As outlined in the Report, Petitioner is currently being detained at the Al Cannon Detention Center on a charge of "Accessory after the fact to Felony A, B, C or Murder" pending before the Charleston County Court of General Sessions. [ECF No. 8 at 1.] Petitioner has filed the instant habeas action to challenge the state court process and the evidence against him in state court. The magistrate judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 8.] Petitioner filed objections, ECF No. 13, and the matter is thus ripe for ruling by the court.

## STANDARD OF REVIEW

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts

2

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a pending criminal case in Charleston County, South Carolina and seeks a preliminary hearing in his state case or dismissal of the charge against him. [ECF No. 1.] As outlined in the Report, the magistrate judge found dismissal is appropriate on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. [ECF No. 8 at 3–6.] Petitioner objects to the Report, and the court considers his objections below. [ECF No. 13.]

First, the court notes that Petitioner has filed multiple cases in this court related to his underlying state criminal case. Including this case, he has filed two habeas cases and one case pursuant to 42 U.S.C. § 1983. *See Mazyck v. Director*, 2:22-cv-10-SAL (dismissed without prejudice in March 2023); *Mazyck v. Nelson*, 2:23-cv-4239 (currently pending). Plaintiff's previous habeas case was dismissed under the *Younger* abstention doctrine—the same basis the magistrate judge has recommended dismissal in this case. As previously explained by this court, the *Younger* abstention doctrine precludes federal courts from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). When determining if abstention is appropriate, a district court must consider whether: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex*

3

*Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Each of these criterion is met here. Of particular import, Petitioner's state criminal case is still pending, and he is represented by counsel. Thus, "there is an adequate opportunity to raise federal claims in [his] state proceedings." *Martin Marietta Corp.*, 38 F.3d at 1396 (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432).

In his objections, Petitioner takes issue with the fact that he was not given a preliminary hearing. He argues that, at a preliminary hearing, he would argue that he was not present at the time of the murder. [ECF No. 13 at 2.] He also asserts his right to a speedy trial and cites the applicable law. *Id.* at 2–3. According to Petitioner, he has written letters and motions to the court asking for a preliminary hearing and a speedy trial. *Id.* at 4. Regarding the Report, Petitioner objects, arguing that he understands the federal court does not want to interfere, but his attorneys are not providing him with a meaningful defense. *Id.* at 5. He notes that they have not filed motions on his behalf. *Id.* at 5–6. And he accuses an attorney who previously represented him of forging his signature on a waiver of preliminary hearing. *Id.* at 6–7. Again, Petitioner offers what he would argue at a preliminary hearing—that not all of the elements of accessory after-the-fact of murder have been met. *Id.* at 6–7. He points out that he previously filed a § 2241 petition with these same issues, but he "keeps getting rejected . . . ." *Id.* at 7. Finally, he notes that he filed a motion to have counsel relieved in his criminal case, and he received relief, but still he wants this court to "look into the illegal mistreatment of [his] case." *Id.* at 8. To his objections, Petitioner attached a form where he recites three grounds for § 2241 relief, dated December 20, 2021, and a letter from the South Carolina Supreme Court indicating no action could be taken on his pro se correspondence since he was represented by counsel. [ECF No. 13-1.]

While Petitioner's objections demonstrate he disagrees with the Report, they do not establish that his case presents the "narrow and extraordinary" circumstances that would warrant this court's intervention in a state criminal case. For the most part, Petitioner's objections articulate his dissatisfaction with his attorneys and the progression of his state criminal case, but he has the opportunity to raise those concerns to the state court and, if he is eventually convicted, at a post-conviction relief hearing. Once those claims are properly raised to the state courts, Petitioner can pursue the same in federal court. Further, the information from Petitioner's state court docket and the information provided by Petitioner demonstrates that Petitioner has received some response in state court—for instance, when he asked that counsel be relieved in his criminal case and when he sent pro se filings to the state supreme court, which were then forwarded to counsel. *See* ECF No. 13-1 at 3. The court is not apathetic to the delay Petitioner has experienced in state court and his frustrations there. However, there are procedures in place that protect Petitioner's constitutional rights without this court's pretrial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44. Consequently, this court overrules all of Petitioner's objections and abstains from intervening in Petitioner's ongoing state proceedings.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 8. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

May 2, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."